**Affirmed and Memorandum Opinion filed October 4, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00453-CR

**ELIAS SEGUNDO GOMEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 78939-CR**

## M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of four counts of indecency with a child and one count of aggravated sexual assault of a child. The jury assessed punishment at twenty years' confinement for each indecency verdict and seventy-five years' confinement for the assault verdict, along with a $10,000 fine for each verdict. Appellant contends that the trial court erred by submitting a jury charge that allowed for a non-unanimous verdict on each count because "the evidence at trial

detailed multiple acts supportive of the charges" in each count. We hold that appellant has not suffered egregious harm. Accordingly, we affirm.

## I. BACKGROUND

### A. Evidence

Appellant was the complainant's great uncle. The complainant was seventeen years old at the time of trial. She testified that when she was four or five years old, appellant began touching her breasts and vagina and would kiss her all over her body, including her vagina. She testified that this conduct occurred a lot—too many times to remember—until she was about twelve years old when she was old enough to be able to push him away. The abuse always happened at the complainant's grandmother's three-bedroom house, where the complainant would spend a lot of time. When the complainant was fifteen years old, she confided in her mother about appellant's conduct.

Shortly thereafter, the complainant's mother and grandmother organized a meeting with appellant, appellant's wife, his daughter, and his son-in-law. Each of these witnesses, except for appellant's wife, testified at trial. The complainant's mother testified that she did not speak Spanish and that appellant did not speak English well, so the complainant's grandmother translated. The mother testified that she asked if appellant had been "touching my daughter and sexually abusing my daughter since she was a young girl." Appellant said, "Yes."

The grandmother testified similarly that appellant admitted to touching and abusing the complainant since she was a little girl. She testified that appellant's wife asked him again, and he again said, "Yes." Then appellant's daughter asked him, and he again said, "Yes, I did; but I haven't done that since a long time ago." The grandmother testified, "He—he said three times, yes, he did that. He did it."

2

Appellant's daughter and son-in-law also testified that appellant admitted to touching or molesting the complainant.

A Lake Jackson Police Department officer testified that he interviewed appellant after the family confrontation. Appellant told the officer that he admitted to the allegations during the confrontation only because the family was pressuring him. A special agent with the Texas Department of Public Safety testified that he also interviewed appellant, and appellant admitted to touching the complainant's breasts on two occasions and to touching the complainant's vagina on two occasions on different days. Appellant told the agent that the complainant was thirteen or fourteen years old when he touched her vagina.

## B. Jury Instructions

The jury instructions included a general instruction that the jurors were required to render a verdict of either "guilty" or "not guilty," and that they could "return a verdict only if all twelve of you agree on this verdict." The instructions included application paragraphs regarding two counts of indecency with a child by touching the complainant's genitals, two counts of indecency with a child by touching the complainant's breast, and one count of aggravated sexual assault by causing the complainant's sexual organ to contact the defendant's mouth. The jury filled out a separate verdict form for each count.

## II. UNANIMITY

Appellant contends that he suffered egregious harm by the trial court's failure to instruct the jury that for each count included in the charge, the jury "must unanimously agree on one incident of criminal conduct, based on the evidence, that meets all of the essential elements of the single charged offense beyond a reasonable doubt." He contends that the jury charge permitted a non-unanimous

3

verdict because the complainant testified that the sexual abuse occurred "all the time" or "many times."

Assuming without deciding that the instructions permitted a non-unanimous verdict, appellant has not suffered egregious harm.

## A. Legal Principles

"Texas law requires that a jury reach a unanimous verdict about the specific crime that the defendant committed." *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011). "This means that the jury must agree upon a single and discrete incident that would constitute the commission of the offense alleged." *Id.* (quotation omitted). "[N]on-unanimity may occur when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions." *Id.* at 772. "Each of the multiple incidents individually establishes a different offense or unit of prosecution." *Id.* (footnote omitted). To ensure unanimity, the jury charge would need to "instruct the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented." *Id.*

To reverse for jury charge error to which, as here, there was no objection, the error must have caused actual egregious harm—not merely theoretical harm. *See Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015). Actual egregious harm occurs if the jury charge affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. *Id.* This analysis is fact-specific and is done on a case-by-case basis. *Id.* An appellate court will "inquire about the likelihood that the jury would in fact have reached a non-unanimous verdict on the facts of the particular case." *Jourdan v. State*, 428 S.W.3d 86, 98 (Tex. Crim. App. 2014).

When assessing harm based on the particular facts of the case, we consider (1) the entire jury charge, (2) the state of the evidence, including contested issues and the weight of the probative evidence, (3) the parties' arguments, and (4) all other relevant information in the record. *Arrington*, 451 S.W.3d at 840.

## B.   Analysis

In this case, the only factor that weighs in favor of finding egregious harm is that the instructions did not require the jury to agree upon which incidents of indecency and aggravated sexual assault that appellant committed, from among the many that the jury could have selected from the evidence, to support each of the five verdicts of guilt. *See id.* at 841, 845.

The state of the evidence and contested issues show that appellant's defense was "essentially of the same character and strength across the board." *See Cosio*, 353 S.W.3d at 777. Appellant argued to the jury that (1) appellant was pressured and harassed into confessing to family members; (2) appellant had not begun living in the area until a year after the complainant said the abuse started; and (3) appellant did not have access to the complainant, as the abuse occurred in a small three-bedroom house with other family members nearby. The jury was not persuaded by appellant's defensive arguments, which amounted to a "categorical denial of all accusations." *See Arrington*, 451 S.W.3d at 844; *see also Cosio*, 353 S.W.3d at 777–78 (no egregious harm when the defendant's defense to all four incidents of criminal conduct was that he did not commit the offenses because the complainant was not credible and the practical circumstances surrounding the incidents did not corroborate the complainant's testimony). The jury necessarily disbelieved appellant's defensive evidence; had the jury believed it, the jury would have acquitted him. *See Arrington*, 451 S.W.3d at 842–44; *see also Cosio*, 353 S.W.3d at 777–78.

5

The complainant's testimony about multiple instances of conduct was general and not differentiated by specific dates or significant details. She testified that the offenses occurred so many times that she could not count them. And, according to the special agent, appellant confessed to two instances of touching the complainant's breast and two instances of touching the complainant's sexual organ, thus supporting the four convictions for indecency with a child. Based on the totality of the evidence, it is highly unlikely that the jury could have found appellant guilty of different instances of each offense occurring at different times under the verdicts in this case. *See Smith v. State*, 515 S.W.3d 423, 430 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (reasoning that it was highly unlikely the jury reached a non-unanimous verdict when the complainant's testimony did not provide any evidence from which the jury could differentiate the multiple incidents of each offense occurring at different times).

The parties did not make arguments to the jury concerning unanimity, so this factor is neutral. *See Arrington*, 451 S.W.3d at 844. No other relevant information in the record weighs in favor or against a finding of egregious harm. *See Smith*, 515 S.W.3d at 431.

Considering the evidence in this case, coupled with the all-or-nothing defensive theories, we cannot conclude that appellant suffered actual egregious harm. *See Arrington*, 451 S.W.3d at 845; *Cosio*, 353 S.W.3d at 777–78.

### III.   CONCLUSION

Appellant's issue is overruled. The trial court's judgment is affirmed.

/s/     Ken Wise
           Justice

Panel consists of Justices Jamison, Wise, and Jewell.

Do Not Publish — Tex. R. App. P. 47.2(b).